CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
JUN - 9 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM DAVIS SCALES, Petitioner, | ) ) ) | Civil Action No. 7:10-cv-00057 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, Respondent. | ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |

William Davis Scales, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that errors in his state criminal trial deprived him of his constitutional rights. Respondent filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I dismiss the petition as untimely filed.

I.

Following his bench trial, the Circuit Court for the County of Botetourt entered petitioner's convictions on November 12, 2002, for two charges of breaking and entering. Petitioner did not note an appeal from the trial court. Petitioner filed a petition for a writ of habeas corpus with the circuit court on January 12, 2009. The circuit court denied the habeas petition on March 19, 2009, finding that the petition was time-barred. Petitioner appealed the circuit court's decision to the Supreme Court of Virginia, which denied his petition for appeal on November 20, 2009. Petitioner signed his federal habeas petition on January 19, 2010, and declared that he placed it in the prison mailing system the same day.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28

U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on December 12, 2007, when the time expired for petitioner to note an appeal to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state habeas petition with the circuit court on January 12, 2009. However, petitioner untimely filed his state habeas petition and, thus, it does not toll the federal statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (holding that an untimely filed state habeas petition does not toll federal habeas statute of limitations).

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue that subsections (B) through (D) apply to his petition.

2

Petitioner filed his federal habeas no earlier than January 19, 2010, more than seven years after his conviction became final. See Houston v. Lack, 487 U.S. 266 (1988) (stating prisoner's habeas petition is filed when delivered to prison officials for mailing).

Petitioner argues that the court should equitably toll periods of time because of he suffers from mental illness and "extraordinary circumstances beyond [his] control" prevented him from properly filing. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Furthermore, mental incompetence is not a per se reason to toll a statute of limitations. See United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) (rejecting federal habeas petitioner's allegations of mental incompetence to support equitably tolling the statute of limitations).

> [A] petitioner "must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition. Thus, a bare assertion that a petitioner suffers from some mental impairment, "without more, is insufficient to justify equitable tolling." Similarly, proof of an existing mental illness or claims that a petitioner is taking psychiatric medication or is under psychiatric care will not automatically warrant equitable tolling.

Robinson v. Hinkle, 610 F. Supp. 2d 533, 539 (E.D. Va. Apr. 22, 2009), cert. denied, 2010 U.S. LEXIS 2826 (Mar. 29, 2010) (internal citations omitted) (citing Sosa, 364 F.3d at 507).

Petitioner fails to establish either a sufficient mental condition or a causal nexus between an the condition and his failure to timely file this habeas petition. Furthermore, petitioner's allegation of his poor literacy is also an insufficient basis to equitably toll the statute of

limitations. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as untimely filed. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 9th day of June, 2010.

Senior United States District Judge